UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAMIE J. KELLEY,

    Plaintiff,

v.                                                                                Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,            Case No. 1:20-cv-35

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff previously appealed to this Court Administrative Law Judge (ALJ) Carol Guyton's July 7, 2015 determination that he was not disabled from March 9, 2012, through the

2

date of decision in connection with his applications for DIB and SSI.[1] On March 28, 2018, Magistrate Judge Kent issued an Opinion and Judgment reversing and remanding ALJ Guyton's decision to the Commissioner for the following purposes: (1) to re-evaluate the opinions of Ms. Carol Sunday-Rasche, MA, LLP, as those of an acceptable medical source; and (2) to re-evaluate the adverse inference drawn from Plaintiff's lack of psychiatric treatment since June 2014 in accordance with SSR 97-6p. *Kelley v. Comm'r of Soc. Sec.*, No. 1:16-cv-1232, 2018 WL 1516844, at *7 (W.D. Mich. Mar. 28, 2018). On April 2, 2019, Magistrate Judge Kent granted the Commissioner's motion to alter or amend and concluded that Ms. Sunday-Rasche was not an acceptable medical source because her opinion was not co-signed by a fully licensed psychologist. *Kelley v. Comm'r of Soc. Sec.*, No. 1:16-cv1232, ECF No. 21 at PageID.1806–07. Accordingly, the matter was remanded to the Commissioner solely on the adverse-inference issue.

On May 6, 2019, the Appeals Council vacated and remanded the case to an ALJ for further proceedings consistent with Magistrate Judge Kent's Order and Judgment. (PageID.399–402.) On September 6, 2019, ALJ Donna J. Grit held a hearing at which Plaintiff and Susan Rowe, an impartial vocational expert, testified. (PageID.191–224.) On September 25, 2019, ALJ Grit issued a written decision concluding that Plaintiff had not been under a disability from June March 9, 2012, through the date of the decision. (PageID.156–79.)

Because Plaintiff's case was previously remanded by a federal court, he was not required to seek review before the Appeals Council. *See Guidry v. Colvin*, No. 16-47-RLB, 2016 WL 6540450, at *3 (M.D. La. Nov. 2, 2016) ("When an ALJ renders a decision on a judicially

---

[1] ALJ Guyton had previously denied Plaintiff's applications in written decision issued on August 16, 2013. (PageID.320–34.) The Appeals Council vacated and remanded that decision on February 1, 2015, (PageID.340–43), following which she issued the July 7, 2015 decision appealed to Magistrate Judge Kent.

remanded application, an unhappy claimant is not required to first seek review before the Appeals Council.") (citing 20 C.F.R. § 404.984(a)). "Rather, if a claimant does nothing, the ALJ's decision will automatically become the Commissioner's final decision unless the Appeals Council chooses to assume jurisdiction on its own." *Id.* (citing 20 C.F.R. § 404.984(a)). The Appeals Council has sixty days to assume jurisdiction, 20 C.F.R. §§ 404.984(c), 416.1483(c), and if, after sixty days, the claimant has not filed exceptions and the Appeals Council has not assumed jurisdiction, the ALJ's decision becomes final. 20 C.F.R. §§ 404.984(d), 416.1484(d). Because Plaintiff did not file exceptions, and the Appeals Council did not assume jurisdiction, ALJ Grit's September 25, 2019 decision became the Commissioner's final decision.

Plaintiff initiated this civil action for judicial review on January 14, 2020.

**Analysis of the ALJ's Opinion**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a

---

[2]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing his past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 9, 2012, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spines with a compression fracture at L4; (2) Ehlers-Danlos syndrome; (3) degenerative joint disease of the right ankle status post fracture with surgical reduction and hardware removal; and (4) osteopenia.[3] (PageID.158–59.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–32.)

---

[3] Plaintiff's last date insured was June 30, 2015. (PageID.158.)

The ALJ considered Listings 1.02 (major disfunction of a joint), 1.04 (disorders of the spine) and 1.06 (fracture of the femur, tibia, pelvis or one or more of the tarsal bones). (PageID.165.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except:

> [Claimant] may stand and/or walk for four hours of an eight-hour workday, and may sit for six hours of an eight-hour workday. Claimant may never climb ladders, ropes, or scaffolds; and may only occasionally crouch, stoop, crawl, or kneel. Claimant has no specific limits on balancing, but may not work on or traverse slippery, narrow, or uneven surfaces. Claimant is permitted to use a cane to get to and from the workstation and if walking more than 100 yards. Claimant should avoid more than occasional exposure to extremes of cold or vibration; and may do no work at unprotected heights, or with or near dangerous moving machinery.

(PageID.165–66.)

At step four, the ALJ determined that Plaintiff did not retain the RFC to perform any of his past relevant work. (PageID.176–77.) At step five, however, based on testimony from the vocational expert, the ALJ found that Plaintiff could perform the occupations of office helper, counter clerk, and information clerk, 158,000 of which existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.177–78.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises three arguments in his appeal: (1) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician and other medical experts; (2) the ALJ's evaluation of Plaintiff's subjective symptoms was not supported by substantial evidence; and (3) substantial evidence does not support the ALJ's RFC determination. (ECF No. 12 at PageID.2647.)

6

I.      **Medical Opinion Evidence**

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition.[4] *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). That deference is appropriate, however, only where the opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must give "good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Those reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any

---

[4] Although Plaintiff initially believed there was "a question about the [applicability of the] treating physician rule here," (ECF No. 12 at PageID.2648), it is clear that 20 C.F.R §§ 404.1527 and 416.927 still apply in this case as Plaintiff filed his claim before March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).

7

objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight it should be afforded. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id*. (citing 20 C.F.R. § 404.1527). While the ALJ is not required explicitly to discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007).

### A.     Bernard Eisenga, M.D.

Plaintiff contends that the ALJ failed properly to evaluate the opinion of his treating physician, Dr. Eisenga, who specializes the treatment of neurofibromatosis. Dr. Eisenga treated Plaintiff from 2012 to 2015. On September 6, 2019, Plaintiff's counsel took a sworn statement from Dr. Eisenga regarding Plaintiff's neurofibromatosis diagnosis. (PageID.2610–2625.) The ALJ addressed Dr. Eisenga's testimony as follows:

> In September 2019, Bernard Eisenga, M.D., provided a sworn statement as to the claimant. Dr. Eisenga opined that claimant could sit for thirty to forty-five minutes and would be unable to do sedentary work as he could not sustain concentration and would be excessively absent (Ex. 50F). I assign very little weight to this opinion in that it is inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment and medications, the mild to moderate clinical examination findings, and the claimant's reported activities of daily living. I further note that Dr. Eisenga's opinion is inconsistent with his own clinical examination findings that claimant's condition was stable, and his own conservative treatment recommendations (Exs. 21F/8; 30F/28-29). Such inconsistencies suggest that Dr. Eisenga relied quite heavily on the claimant's subjective report of symptoms and limitations, and that he may have uncritically accepted as true most, if not all, of what the claimant reported. Yet, as

8

> explained above, there exist good reasons for questioning the consistency of the claimant's subjective complaints. Dr. Eisenga's statement included indications of condition or symptoms that the claimant may suffer in the future, or could possibly suffer from. He was unable to indicate that the claimant had either internal or external growth, but indication [sic] he may suffer from such growths, in the future.

(PageID.175–76.)

The ALJ properly assessed Dr. Eisenga's opinion and gave good reasons for giving it little weight. "An inconsistency with treatment notes and other evidence in the medical record are among the reasons that can independently justify an ALJ's decision to give less-than-controlling weight to a treating physician's opinion." *Moses v. Comm'r of Soc. Sec.*, No. 1:19-cv-1960, 2020 WL 3453129, at *10 (N.D. Ohio May 29, 2020), *report and recommendation adopted*, 2020 WL 3447831 (N.D. Ohio June 24, 2020); *see also Goldman v. Comm'r of Soc. Sec.*, No. 1:08-cv-664, 2009 WL 3242569, at *9–10 (W.D. Mich. Sept. 30, 2009) (finding the ALJ's decision to give less than controlling weight to the treating source's opinions proper because they were "inconsistent with the objective medical evidence as well as [the doctor's] own treatment notes"). For example, in May 2013, Dr. Eisenga noted "scattered café au lait[]" spots over Plaintiff's trunk and legs but reported that Plaintiff had normal strength and tone, symmetric reflexes and normal coordination and gait. (PageID.1378.) In July 2014, Dr. Eisenga noted "scattered freckling" and "café-au-lait spot(s)" but normal strength, tone, coordination and gait. (PageID.1838.) And, in January 2015—apparently the last time he saw Plaintiff before giving his September 2019 sworn statement—Dr. Eisenga reported that Plaintiff "overall from a[] neurofibromatosis perspective [wa]s stable." (PageID.1845–46.)

The ALJ also properly considered Plaintiff's self-reported activities of daily living, *see Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 808–09 (6th Cir. 2012), which included, among other things, caring for his nephews and adolescent son, caring for his dog, caring for his

9

personal hygiene, moving furniture for a friend, hunting, shopping, and driving—including on a trip to Oklahoma. (PageID.172.) Although Plaintiff faults the ALJ for concluding that Dr. Eisenga's statements were apparently based on Plaintiff's reported symptoms rather then Dr. Eisenga's own findings, the record supports the ALJ's conclusion. Moreover, the ALJ accurately characterized much of Dr. Eisenga's testimony as pertaining to symptoms that *could occur* with a diagnosis of neurofibromatosis, not symptoms that he had observed in Plaintiff. (PageID.2615–19.)

Accordingly, this claim of error is rejected.

**B.    Carol Sunday-Rasche, M.A., L.L.P.**

Plaintiff also takes issue with the ALJ's evaluation of the mental residual functional capacity assessment that Ms. Sunday-Rasche prepared in July 2013, including the ALJ's finding that Ms. Sunday-Rasche was not an acceptable medical source. (ECF No. 12 at PageID.2650–51.) But as noted above, Magistrate Judge Kent determined in the previous appeal that Ms. Sunday-Rasche, a limited license psychologist, was not an acceptable medical source, and her opinion (PageID.1621–23) was not co-signed by a fully licensed psychologist. *See Kelley v. Comm'r of Soc. Sec.*, No. 1:16-cv1232, ECF No. 21 at PageID.1806–07. Accordingly, in considering her opinion, the ALJ was only required to "say enough to allow the appellate court to trace the path of h[er] reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal quotation marks omitted). The ALJ addressed the opinion as follows:

> I assign little weight to Ms. Sunday-Rasche's opinion in that the extent of limitations as found in the assessment is inconsistent with the medical evidence and the record as a whole, including the claimant's mild mental status examination findings, and the claimant's reported activities of daily living. Moreover, Ms. Sunday-Rasche provided this opinion over six years ago, and did not have the opportunity to review the current, and more fully developed, record. The current evidence supports a finding that the claimant's mental impairments do not impose more than mild limitations on his ability to perform basic work activities (Exs. 15F; 19F; 39F; 40F; 44F/57). I further note that Ms. Sunday-

> Rasche completed her assessment in contemplation of a prior version of the criteria for evaluating mental impairments. . . .

(PageID.174.)

Here, the ALJ sufficiently articulated her reasons for assigning little weight to Ms. Sunday-Rasche's opinion and her reasons are supported by substantial evidence. Plaintiff fails to demonstrate error.

## II.  Plaintiff's Subjective Symptoms

Plaintiff argues that the ALJ improperly assessed his subjective complaints of pain based on his reported activities. An ALJ must evaluate a claimant's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability in accordance with SSR 16-3p. As explained in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018):

> The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Id*. at *6; *see also* 20 C.F.R. § 416.929(c)

Consistent with prior ruling SSR 96-7p, *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that

11

the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The Sixth Circuit has said that such findings "may not be disturbed absent compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal quotation marks omitted).

Here, the ALJ did more than simply assert that "the claimant is not believable." *Rogers*, 486 F.3d at 248. The ALJ properly considered Plaintiff's reported daily activities in evaluating Plaintiff's subjective symptoms. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 232 (6th Cir. 1990). The ALJ noted that Plaintiff engaged in activities—such as caring for his nephews and adolescent son, driving long distances, shopping, helping move furniture, hunting, and playing videogames—that were inconsistent with his alleged inability to lift heavier items, walk or stand without difficulty, concentrate, and perform other functions. (PageID.172.) Moreover, the ALJ did not limit her consideration solely to Plaintiff's activities, but also considered the mostly mild-to-moderate clinical examination findings by providers and conservative treatment during the period at issue. (*Id.*) Finally, the ALJ properly considered the objective examination findings in concluding that Plaintiff's alleged symptoms were not entirely consistent with the medical evidence. *See* SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017); *Perrault v. Comm'r of Soc. Sec.*, No. 1:14-cv-942, 2015 WL 5592931, at *6 (W.D. Mich. Sept. 22, 2015) ("In evaluating a claimant's credibility

with respect to the intensity and persistence of symptoms, the ALJ considers the objective medical evidence.").

Accordingly, the ALJ gave more than an adequate explanation of her factual finding regarding Plaintiff's subjective symptoms, and that finding is supported by substantial evidence. Therefore, this claim of error lacks merit.

### III.     The RFC Determination

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff argues that the ALJ failed to consider his problems with urinary frequency, but that is not true. In assessing Plaintiff's impairments at step two, the ALJ noted that he had "been assessed with urinary frequency and epididymitis" and had "been prescribed solefinacin and ditropan for this condition and encouraged to abstain from caffeine, which claimant has declined to do." (PageID.159.) Plaintiff offers no persuasive reason why the ALJ was bound to include additional limitations when she concluded that Plaintiff was failing to follow his provider's treatment recommendation.

Plaintiff also argues that the ALJ's RFC finding that Plaintiff could perform light work while using a cane in certain circumstances is at odds with *Love v. Commissioner of Social Security*, 605 F. Supp. 2d 893, 907 (W.D. Mich. 2009), in which the court concluded that the ALJ's RFC finding was not supported by substantial evidence because the finding that the plaintiff could lift and carry 20 pounds was at odds with the finding that the plaintiff required a cane to ambulate. However, judges in this district have not construed *Love* as establishing a categorical rule that performance of light work is incompatible with the use of a hand-held assistive device. *See Steig v. Comm'r of Soc. Sec.*, No. 1:18-cv-511, 2019 WL 2118794, at *7 (W.D. Mich. May 15, 2019) ("[T]he Court in *Love* did not conclude that the performance of light work was categorically incompatible with the use of a hand-held assistive device."); *Bates v. Comm'r of Soc. Sec.*, No. 1:15-CV-739, 2016 WL 4607566, at *3 (W.D. Mich. Sept. 6, 2016) (stating that "the Court discerns no reason why Plaintiff cannot use a cane with one hand while carrying objects with the other").

The situation here is similar to that in *Cotton v. Commissioner of Social Security*, No. 1:14-cv-900, 2016 WL 80667 (W.D. Mich. Jan. 7, 2016), in which the RFC only required a cane for walking further than 200 yards—a situation the court found distinguishable from *Love*. *Id.* at *4. Moreover, as in *Cotton*, the ALJ relied on opinion evidence that Plaintiff could perform a reduced range of light work and required use of a cane to ambulate in limited situations. (PageID.409 (Dr. Abbasi's opinion that Plaintiff: (1) could occasionally lift and carry 20 pounds; (2) frequently lift and carry 10 pounds; and (3) should use an assistive device on uneven terrain and slippery surfaces).) Here, the ALJ precluded Plaintiff from working on or traversing slippery, narrow, or uneven surfaces but further limited him by permitting use of a cane to get to and from the workstation and to walk more than 100 yards. Thus, this argument is rejected.

Citing Listing 1.00, Plaintiff argues that because he cannot ambulate effectively due to the inability to walk a block on rough or uneven surfaces, per an example in Section B.2.b.(2), he could not have the capacity to perform light work. (ECF No. 12 at PageID.2652.) As Plaintiff does not suggest that he meets a Listing, it is unclear how his argument pertains to the ALJ's RFC determination. *See Deaton v. Comm'r of Soc. Sec.*, No. 1:12-cv-531, 2013 WL 2897888, at *6 (S.D. Ohio June 13, 2013), *report and recommendation adopted*, 2013 WL 3455847 (S.D. Ohio July 9, 2013) ("The RFC assessment is analytically distinct from the Listing analysis."). In any event, ineffective ambulation must "limit the function of both upper extremities," 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.00B.2.b.(1), a fact the ALJ did not find.

In short, Plaintiff's challenge to the ALJ's RFC findings amounts to a request to re-weigh the evidence, which the Court cannot do. *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.") (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)); *see also Rumsey v. Comm'r of Soc. Sec.*, No. 1:17-cv-749, 2018 WL 4346823, at *4 (W.D. Mich. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 4334624 (W.D. Mich. Sept. 11, 2018) ("The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence.") (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)).

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.


Dated: March 19, 2021                               /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge